UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 16-cr-10341-LTS |
| CARLOS CUEVAS. | ) ) ) | |

ORDER ON MOTION TO SUPPRESS (DOC. NO. 57)

August 17, 2017

SOROKIN, J.

Defendant Carlos Cuevas moves to suppress a portion of the evidence seized in the course of a traffic stop. The Motion, Doc. No. 57, is DENIED.

Both parties base their statements of facts on the incident report written by Massachusetts State Police Trooper Jeffrey Russell dated July 12, 2016. Neither party submits an affidavit or otherwise challenges the facts described by Trooper Russell. Thus, the Court, only briefly, summarizes the relevant facts.

On July 12, 2016 Trooper Russell observed a black 2009 Chevy Tahoe drift from the middle lane into the left lane on I-90. Doc. No. 57 at 1. Trooper Russell pulled the Tahoe over for a marked lane violation. Id. Cuevas was the driver of the Tahoe and the only person in the car. Id. at 2. Cuevas does not challenge the marked lane violation or the lawfulness of this initial stop. After Cuevas stopped, Trooper Russell walked up to Cuevas and observed Cuevas putting banded money into the center console of the car. Id. at 2. A discussion ensued in the course of which Cuevas stated he had $2,500 in cash in the console, Cuevas appeared nervous, Cuevas stated he was en route to New York (later clarified to New Jersey) and Cuevas produced both his license and the registration for the car. Id. at 2–3. Trooper Russell, at this point, requested that

1

Cuevas consent to a search of the car. Id. at 3. Cuevas agreed. Id. Thereafter, Trooper Russell had Cuevas get out the car and stand behind the Tahoe while Trooper Russell checked his license and registration which were both valid. Id. Trooper Russell then pat frisked Cuevas and had him sit in the back of the cruiser while Trooper Russell searched the car. Id. The search produced a ziplock bag containing just over $100,000 in United States currency. Id. Trooper Russell informed the Defendant of his *Miranda* rights and further questioning not relevant to the merits of this Motion ensued. Id. at 3–4. The Drug Enforcement Agency seized the money. Id. at 4. Trooper Russell directed Cuevas to follow him to the barracks to obtain a receipt. Id. Trooper Russell gave Cuevas a receipt as well as a written warning for the lane violation and impeded operation of the vehicle. Id. Cuevas then left. Id.

Now, Cuevas seeks to suppress the ziplock bag full of money and the statements he made about the money as well as the purpose of his drive (made after he consented to the search) on the ground that the Trooper prolonged the stop without a lawful basis to do so.

Plainly, the law imposes limitations on an officer's authority to require a person to remain on the side of the road for a traffic stop. See, e.g., Illinois v. Caballes, 543 U.S. 405, 407 (2005). But Cuevas's focus on duration-of-the-stop cases is misguided. Cuevas has not challenged the duration of the stop prior to Trooper Russell seeking consent and, in any event, that period was reasonable. Trooper Russell's discussion with Cuevas, up to this point, was not unduly prolonged and Trooper Russell requested permission to search the car before he had even checked Cuevas's license and registration, clearly a task essential to the issuance of a warning or ticket. See id. at 407. Then, Trooper Russell sought consent, a permissible request by a law enforcement officer, and Cuevas granted the consent. Cuevas does not contend that his consent was involuntary or obtained in violation of law. The Trooper proceeded to search the car and

undertake the follow up steps that ensued as a result of finding the ziplock bag of cash. Cuevas does not contend that the Trooper unreasonably prolonged the duration of these activities. Nor does Cuevas contend that at any point he revoked his consent or told the Trooper to stop searching the car, to halt the search or to permit him (Cuevas) to leave. Accordingly, in these circumstances, where Cuevas voluntarily agreed to the search of the car and thus agreed to the extension of the traffic stop, Cuevas has no basis to challenge the lawfulness of this stop on the ground that the Trooper may have lacked a permissible basis to extend the stop for the search absent such permission, the only argument advanced by Cuevas. Cf. United States v. Chaney, 584 F.3d 20, 26 (1st Cir. 2009) (noting that a traffic stop can be extended without consent provided that the officer developed reasonable suspicion within the time permitted for the traffic stop).

Finally, the Court declines to hold an evidentiary hearing on the motion to suppress. An evidentiary hearing is not required where there is no factual dispute between the parties. United States v. Allen, 573 F.3d 42, 51–52 (1st Cir. 2009). Cuevas has not disputed the Trooper's factual rendition of the events. Cuevas has not submitted an affidavit and Cuevas has not contended that his consent was involuntary. Rather, Cuevas has argued that the Trooper had no lawful basis to continue the stop to conduct the search where Cuevas has conceded he agreed to the search. In these circumstances, no hearing is required.

Accordingly, the Motion to Suppress, Doc. No. 57 is DENIED. By August 31, 2017, the parties shall file a Joint Status Report (a) advising the Court how they wish to proceed in this

matter and (b) containing the parties' joint or separate calculations of the Speedy Trial Clock as well as any periods either or both parties request that the Court exclude.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge